# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim No. 07-20011-01-KHV |
| ) | |
| v. ) | |
| ) | Civil No. 08-2385-KHV |
| DONAL DEPRIEST, JR., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On August 29, 2007, the Court sentenced defendant. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #48) filed August 20, 2008.  For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On February 1, 2007, a grand jury indicted defendant for possession with intent to distribute five grams or more of "crack" cocaine base in violation of 18 U.S.C. § 841(a)(1) and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  See Indictment (Doc. #12).  Defendant pled guilty to the drug possession count.  At sentencing, the Court determined that defendant was accountable for at least 50 grams of cocaine base and that he possessed a firearm during the offense.  Defendant's total offense level was 31, with a criminal history category III, resulting in a sentencing range of 135 to 168 months.  On August 29, 2007, the Court sentenced defendant to 135 months in prison.  On May 19, 2008, under 18 U.S.C. § 3582(c)(2) based on the retroactive amendment to the crack cocaine sentencing guidelines, the Court reduced defendant's sentence to 108 months in prison.

On August 20, 2008, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's Section 2255 motion alleges that defense counsel was ineffective because (1) he advised him to plead guilty to possession of "crack" cocaine when the government did not have sufficient evidence to show that the substance was in fact "crack" cocaine instead of another form of cocaine base; (2) he did not object to enhancements which the grand jury did not charge in the indictment but were included in the Presentence Investigation Report ("PSIR"); and (3) he did not object to the PSIR based on the sentencing disparity between crack and powder cocaine offenses.

### Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

I.      **Procedural Bar – Waiver Of Collateral Challenges (Claims 2 and 3)**

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19, 2004).

A.      Scope of the Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins

with the plain language of the plea agreement.  United States v. Anderson, 374 F.3d 955, 957 (10th Cir.

2004); Hahn, 359 F.3d at 1328.  The Court construes the plea agreement according to contract principles

and based on what defendant reasonably understood when he entered the plea.  United States v.

Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004).  The Court strictly construes the waiver and

resolves any ambiguities against the government and in favor of defendant.  Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **11.      Waiver of Appeal and Collateral Attack.**  Defendant knowingly and
> voluntarily waives any right to appeal or collaterally attack any matter in connection
> with this prosecution, conviction and sentence.  The defendant is aware that Title 18,
> U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence
> imposed.  By entering into this agreement, the defendant knowingly waives any right
> to appeal a sentence imposed which is within the guideline range determined
> appropriate by the court.  The defendant also waives any right to challenge a sentence
> or otherwise attempt to modify or change his sentence or manner in which it was
> determined in any collateral attack, including, but not limited to, a motion brought under
> Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d
> 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and
> a motion under Fed. Rule of Civ. Pro 60(b).  In other words, the defendant waives the
> right to appeal the sentence imposed in this case except to the extent, if any, the court
> departs upwards from the applicable sentencing guideline range determined by the
> court.  However, if the United States exercises its right to appeal the sentence imposed
> as authorized by Title 18, U.S.C. § 3742(b), then the defendant is released from this
> waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 11.  The scope of this waiver unambiguously includes the right to collaterally attack

by a Section 2255 motion any matter in connection with defendant's conviction or sentence.  In

Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not

waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging

the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of

counsel claims that are characterized as falling outside that category are waivable."  237 F.3d at 1187. In this case, defendant's second and third claims relate to defendant's sentence, not the validity of the plea or waiver.  Accordingly, such claims fall within the scope of the waiver in the plea agreement.  See id.; see also United States v. Ellis, 201 Fed. Appx. 588, 590-91 (10th Cir. 2006) (absent evidence that defendant entered into waiver or plea unknowingly or involuntarily, claim that attorney failed to provide effective assistance of counsel by not objecting to firearm enhancement went to defendant's sentence, not validity of his plea agreement).

B.    Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy.  Hahn, 359 F.3d at 1325.  The Court conducted a thorough inquiry at the plea hearing.  At that time defendant affirmed that he understood the charges against him, the maximum penalties, the rights he was waiving and the factual basis for his plea.  Defendant acknowledged that his plea was free and voluntary, that no one had forced or threatened him to enter it, and that the only reason he was entering a plea of guilty was that he was in fact guilty as charged.  Nothing in the record suggests that defendant's plea, or his waiver of post-conviction rights, was unknowing or involuntary.  The plea petition reflects that defendant had sufficient time to discuss the matter with his attorney, that he was satisfied with his attorney's representation, and that he had read and understood the plea agreement.  Finally, in his second and third claims, defendant does not assert that his plea was involuntary – he only complains of his counsel's performance at sentencing.  In sum, defendant's waiver of his rights was knowing and voluntary.

C.    Miscarriage Of Justice

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of

justice." Hahn, 359 F.3d at 1327.  This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings.  Id.  Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.  Anderson, 374 F.3d at 959.  Here, defendant does not contend that enforcing the waiver would result in a miscarriage of justice.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above.  In particular, defendant received a sentence (135 months) which was significantly less than the statutory maximum of 40 years on the drug offense.  See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn inquiry refers to statute of conviction), cert. denied, 546 U.S. 980 (2005).  Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings.  See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), cert. denied, 546 U.S. 989 (2005).  The Court finds that enforcing the waiver will not result in a miscarriage of justice.  In sum, except for defendant's first claim (that his plea was involuntary because counsel did not properly advise him on the difference between "crack" cocaine and other forms of cocaine base), defendant's claims are barred by the waiver of collateral challenges in the plea agreement.

**II.      Substantive Merit Of Defendant's Claims**

All of defendant's claims lack substantive merit.  To establish ineffective assistance of counsel, defendant must show (1) that the performance of counsel was deficient, and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687.  In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness."  United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992).  The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989).  As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."  Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

A.      Ineffective Assistance - Advice To Plead Guilty To Crack Cocaine Offense (Claim 1)

Defendant argues that counsel was ineffective in advising him to plead guilty to possession of "crack" cocaine when the government did not have sufficient evidence to show that the substance was in fact "crack" cocaine instead of another form of cocaine base.  As noted above, the indictment specifically charged defendant with possession of the "crack" form of cocaine base.  See Indictment (Doc. #12) at 1 (distribution of five grams or more of "cocaine base, 'crack,' a controlled substance").  In the plea agreement, defendant agreed to plead guilty to possession with intent to distribute five grams

- 6 -

or more of "crack" cocaine.  See Plea Agreement ¶ 1.  In the plea agreement, defendant also admitted that he arranged for delivery of one ounce of "crack" cocaine and that following his arrest, officers found 27.7 grams of "crack" cocaine in his waistband and an additional 3.9 grams of "crack" cocaine in his vehicle.[1]  See Plea Agreement ¶ 2.  In his plea colloquy, defendant admitted that the substance was crack cocaine.  Further, in addition to the drugs in defendant's waistband and vehicle, the PSIR attributes to defendant 20.7 net grams of crack cocaine (69.5 per cent pure) which officers recovered from a confidential informant who reported that the drugs were obtained from defendant.  See PSIR ¶ 8.  The PSIR also attributes to defendant at least 0.2 net grams of crack cocaine based on the $3,141 found on defendant's person.  See PSIR ¶ 12; see also United States v. Jones, 531 F.3d 163, 175 (2d Cir. 2008) (where seized currency appears by preponderance of evidence to be proceeds of narcotics trafficking, district court may consider market price for drugs in which defendant trafficked in determining drug quantity represented by that currency); United States v. Rios, 22 F.3d 1024, 1026-27 (10th Cir.1994) (money attributable to drug transactions may be converted to equivalent amount of drugs for purposes of determining the drug quantity).  The PSIR confirms that the Drug Enforcement Agency (DEA) tested the substance at issue, see PSIR ¶ 11, and the PSIR repeatedly refers to the substance as crack cocaine, not any other form of cocaine base.  See id. ¶¶ 1, 3, 8-9, 11-12, 16-17.

Based on defendant's admissions and the purported testing of the drugs by the DEA, defendant has not shown that counsel was deficient in advising him to plead guilty to possession of "crack" cocaine.  Even if counsel had explained the distinction between crack and other forms of cocaine base,

---

[1]    The PSIR clarifies that officers found 25.9 net grams of crack cocaine (70.6 per cent pure) in defendant's waistband and 3.2 net grams of cocaine base (74 per cent pure) in his vehicle.  See PSIR ¶ 11.

defendant has not shown that he would not have entered a plea of guilty to possession of crack cocaine. For these reasons, the Court overrules defendant's first claim of ineffective assistance.

      B.    <u>Ineffective Assistance - Failure To Object To Unindicted Enhancements</u>

Defendant argues that counsel was ineffective in failing to object to the PSIR, which included enhancements to which he did not plead guilty and which the grand jury did not charge in the indictment. In <u>United States v. Booker</u>, 543 U.S. 220 (2005), which was decided before defendant was sentenced, the United States Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Id.</u> at 244; <u>see</u> <u>United States v. Cave</u>, 279 Fed. Appx. 722, 723 (10th Cir. 2008) (defendant's Sixth Amendment right to have jury determine facts beyond a reasonable doubt limited to facts that increase sentence beyond statutory maximum for offense charged) (citing <u>Booker</u>, 543 U.S. at 232 and <u>Blakely v. Washington</u>, 542 U.S. 296, 304-05 (2004)); <u>see also</u> <u>United States v. Heckard</u>, 238 F.3d 1222, 1236 (10th Cir. 2001) (post-<u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), district court may still ascertain drug quantities by preponderance of evidence if sentence is not above statutory maximum for jury fixed crime). The post-<u>Booker</u> federal sentencing regime permits trial judges to make factual findings by a preponderance of the evidence and rely on those findings in selecting an appropriate sentence in a particular case. <u>See</u> <u>United States v. Rodriguez-Felix</u>, 450 F.3d 1117, 1130 (10th Cir.) (even after <u>Booker</u>, district court calculating Guidelines sentencing range "may continue to find facts by a preponderance of the evidence" because court "applies such facts in a discretionary manner"), <u>cert. denied</u>, 127 S. Ct. 420 (2006); <u>Cunningham v. California</u>, 549 U.S. 270, 127 S. Ct. 856, 875 & 875 n.4 (2007) (every Court of Appeals to address issue held that district court sentencing post-<u>Booker</u> may rely

on facts found by judge by preponderance of evidence). Because the proposed sentence in this case of 135 months did not exceed the statutory maximum of 40 years, any objection to enhancements which the grand jury did not charge and the guilty plea or jury verdict did not establish would have been frivolous. Accordingly, counsel's failure to object on these grounds was not deficient or prejudicial.

C.    Ineffective Assistance - Failure To Object To Crack/Powder Disparity In Guidelines

Defendant argues that counsel should have objected to the PSIR based on the sentencing disparity between crack and powder cocaine offenses. See Motion To Vacate (Doc. #48) at 7. In Kimbrough v. United States, --- U.S. ----, 128 S. Ct. 558 (Dec. 10, 2007), the Supreme Court held that in light of United States v. Booker, 543 U.S. 220, 244 (2005), a district court has discretion to consider the crack/powder disparity, along with the factors outlined in 18 U.S.C. § 3553(a), in determining an appropriate sentence. See Kimbrough, 128 S. Ct. at 564, 575-76. Counsel's failure to object based on the crack/powder disparity in the sentencing guidelines or to anticipate Kimbrough does not constitute deficient performance. See Hickman v. United States, No. CV407-162, 2008 WL 205337, at *4 (S.D. Ga. Jan. 23, 2008) (failure to anticipate Kimbrough and object to crack/powder disparity within range of reasonable professional assistance); see also United States v. Carew, 140 Fed. Appx. 15, 18 (10th Cir. 2005) (counsel's failure to anticipate Blakely based on earlier Apprendi decision not objectively unreasonable); cf. United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004) (counsel's failure to recognize potential legal argument not cause for procedural default).

Even if counsel was deficient in not objecting to the proposed sentence based on the crack/powder disparity or in failing to anticipate Kimbrough, defendant has not shown that he suffered any prejudice. First, the Court notes that defendant has already received a reduction in his sentence

based on the disparity between the sentencing ranges for crack and powder cocaine offenses. <u>See</u> <u>Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2)</u> (Doc. #47) filed May 19, 2008 (reducing sentence from 135 months to 108 months); <u>see also</u> <u>Veloria v. United States</u>, No. 08-00019-SOM, 2008 WL 4055819, at *27 (D. Haw. Aug. 28, 2008) (defendant received similar relief to <u>Kimbrough</u> by reduction of sentence under Section 3582(c)(2) based on retroactive amendment to crack cocaine sentencing guidelines).   Second, while <u>Kimbrough</u> allows a district court to consider the crack/powder disparity, it does not mandate a lower sentence based on that disparity and defendant does not articulate any persuasive reason why the Court would have imposed a lower sentence.  <u>See</u> <u>Veloria</u>, 2008 WL 4055819, at *27 (citing <u>Kimbrough</u>, 128 S. Ct. at 575).

## III.    Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no response by the government or evidentiary hearing is required.  <u>See</u> <u>United States v. Marr</u>, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #48) filed August 20, 2008 be and hereby is **OVERRULED**.

Dated this 8th day of October, 2008, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

10